BROWN (SLACUM v.). See Case No. 12,-934.

BROWN (STOUTZ v.). See Case No. 13,-505.

BROWN (SWANN v.). See Case No. 13,-673.

BROWN (TARROW v.). See Case No. 13,-758.

BROWN (TILLY v.). See Case No. 14,053.

## Case No. 2,031.

### BROWN v. TONKIN.

[1 Cranch, C. C. 85.] [4]

Circuit Court, District of Columbia. April Term, 1802.

LANDLORD AND TENANT—LEASE—VALIDITY.

A stamp is not necessary to an acknowledgment of having hired a house.

Debt, for rent. An acknowledgment, signed by the defendant, that he had hired the house for six months, at $100 per annum, payable quarterly, was offered in evidence.

Mr. Peacock, for defendant, objected because the paper was not stamped.

THE COURT adjudged the stamp to be unnecessary.

## Case No. 2,032.

### BROWN v. UNITED STATES.

[1 Woolw. 198; [1] McCahon, 229; 1 Kan. 624.]

Circuit Court, D. Kansas. May Term, 1868.

APPEAL—MODE OF CARRYING CONFISCATION CAUSES TO REVISORY COURT—EFFECT OF PARDONS BY THE PRESIDENT—PLEADING A PARDON.

1. The supreme court in Armstrong's Foundry, 6 Wall. [73 U. S.] 766, has held that confiscation causes are not admiralty cases, although the proceedings therein are by statute assimilated to the admiralty practice. They are, like other seizures on land, common law cases, and are to be removed into revisory courts by writs of error.

[See Semple v. U. S., Case No. 12,661; The Confiscation Cases, Id. 3,097; U. S. v. Athens Armory, Id. 14,473; Ex parte Graham, 10 Wall. (77 U. S.) 541.]

2. A party accepting and pleading a pardon in a judicial proceeding admits that he is bound by the conditions mentioned therein.

3. The supreme court has not formally declared its opinion upon the effect of such pardons, but in two instances of cases pending, it has permitted them to plead.

4. But there is no difference of opinion among the judges, that they restore forfeited property to the party dispossessed thereof by the offence so pardoned, subject to exceptions mentioned therein, and also excepting property vested, by judicial proceedings, in other parties.

[Cited in Re Jayne, 28 Fed. 422.]

5. Until an order is made for the distribution, or for payment to the informer, or into the treasury of the United States, no vested right has attached, which prevents à restoration of the proceeds to the owner.

[See Knote v. U. S., 95 U. S. 149; Wallach v. Van Riswick, 92 U. S. 202; Chaffraix v. Shiff, Id. 214.]

6. A party whose property had, by the judgment of the court, been confiscated and sold, but the proceeds of which had not yet been distributed, asked of the district court leave to file a petition alleging a pardon for the offences on account of which the proceedings were had, and praying an order directing payment to him of money in the hands of the marshal. That court having refused the leave, the circuit court, on writ of error, reversed its order in that behalf, with directions to receive the petition and proceed to hear the same.

On writ of error and appeal [from the district court of the United States for the district of Kansas].

[Edward S.] Brown, having engaged in the late Rebellion, became subject to the penalties of the confiscation acts, and proceedings were had by which his property had been forfeited and sold. While the proceeds of the sale remained in the hands of the marshal undisposed of by any order of the court, he presented his petition to the district court in which the process was had, alleging a pardon, bearing date after the judgment of forfeiture, granted to him by the president of the United States, for the offences charged against him in the information. [2] The pardon was expressed to be operative upon his acceptance of certain conditions therein mentioned, two of which are set forth in haec verba in the opinion. The petitioner avers that he has complied with these conditions. The relief prayed for is that the proceeds of the property in the marshal's hands be paid to him. The district court refused to permit this petition to be filed. A bill of exceptions was duly taken to this and other rulings of the court, and the cause was brought to this court both by notice of appeal and by writ of error. [Reversed.]

MILLER, Circuit Justice. The supreme court of the United States decided, at its term just closed (Armstrong's Foundry, 6 Wall. [73 U. S.] 766), after full argument and consideration, that proceedings under the acts for the confiscation of property on account of acts done or permitted in aid of the late Rebellion, were not admiralty cases, although the statute required that they should conform, as far as possible, to the forms and [modes of] [3] the practice in admiralty. The court held that they were, in their essence, common law cases, like other revenue seizures on land; and that the mode of bringing such cases into a revisory court,

[2] NOTE [from 1 Kan. 624]. See, in connection with this case, Osborn v. U. S., 91 U. S. 474. An action on a forfeited recognizance may be maintained, although the governor may have pardoned the defendant, after sentence in the criminal action, and before final judgment on the forfeited recognizance. Weatherwax v. State, 17 Kan. 427.

[3] [From 1 Kan. 624.]

[4] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by James M. Woolworth, Esq., and here reprinted by permission.]